DE VOIN, Respondent, vs. DE VOIN, Appellant.

*January 31 — February 25, 1890.*

*(1) Sale of interest in partnership: Mistake: Overpayment: Action for money had and received. (2) Consideration for promise to repay. (3) Reformation or cancellation. (4) Fraud: Court and jury.*

1. By a contract in writing the plaintiff purchased the defendant's interest in their partnership business for $1,450, and agreed to pay the debts of the firm. Afterwards, claiming that the price paid was on the basis of an inventory made by himself of the firm assets and liabilities, that there was a mistake therein, and that by reason thereof he had paid $500 too much, he brought this action for money had and received to recover such overpayment, and alleged that the defendant, when he learned of the mistake, had promised to pay the $500. *Held,* that the contract being in writing and the mistake not a mutual one, the action could be maintained only on the ground of defendant's promise to repay.

2. The mistake, though not mutual, was a good consideration for such promise, and the written agreement was no impediment to showing such moral consideration by parol evidence.

3. The mistake, even if mutual, was not one for which the contract could be reformed. Rescission or cancellation would be the appropriate remedy.

4. In such case, there being no evidence of fraud on the part of the defendant, it was error to submit the question of fraud to the jury.

APPEAL from the Circuit Court for *Oneida* County.

Previous to January, 1888, the parties were partners in a mercantile business at Rhinelander. At that date they

dissolved their copartnership, and thereupon entered into a contract in writing, under seal, in and by which the plaintiff purchased of defendant all his interest "in the personal property, bills receivable, and all timber lands" of the firm, and agreed to pay the latter $1,450 therefor, and also to pay all indebtedness of the firm except a certain mortgage debt therein specified. The writing contains other covenants concerning certain real estate of the firm not included in such sale, but these are not material to this action. Plaintiff thereupon paid defendant $1,450 as thus agreed, and entered into sole possession of the property so purchased by him.

This action, which is for money had and received, was brought to recover $500 which the plaintiff alleges he overpaid the defendant for the property thus purchased. In his complaint and testimony the plaintiff thus accounts for the mistake. He says that in the latter part of 1887 (the defendant then being absent) he made an inventory of the assets of the firm, which he afterwards purchased, and the same invoiced at $11,000. He also figured up the liabilities of the firm, which he afterwards agreed to pay, and made the same amount to $6,600. When the defendant returned, they entered upon negotiations which terminated in the above contract; and the actual agreement between them was that the plaintiff should make the purchase on the basis of the inventory, that is, the assets should be figured at $11,000; the amount of the firm liabilities should be deducted therefrom; from the balance, $1,500 should be deducted, and the plaintiff should pay the defendant one half the residue for his interest in the firm property and business. On the basis of $6,600 liabilities, the amount to be paid defendant was $1,450, and the written agreement was drawn up and executed on that basis. He says, also, that about ten days after the execution of such agreement he discovered an error of $1,000 in his footing of lia-

bilities, and that the actual liabilities of the firm were $7,600, instead of $6,600, and hence that he has paid the defendant $500 too much.

The defendant, in his answer and testimony, denies that such was the agreement of the parties, but alleges and testifies that the plaintiff offered to pay him $1,450 for his interest in the firm property, and to pay the indebtedness of the firm, without regard to any invoice of assets or statement of liabilities, and that their written agreement expresses their contract, and the whole of it, just as it was made.

The court instructed the jury that if the $500 was paid through a mutual mistake of the parties, or was obtained from the plaintiff by the fraud of the defendant, the plaintiff would be entitled to recover. The jury found for the plaintiff, and judgment was thereupon entered for him for the $500, interest, and costs. The defendant appeals from the judgment.

For the appellant there were briefs by *Bardeen, Mylrea & Marchetti*, and oral argument by *C. V. Bardeen.*

For the respondent there was a brief by *Alban & Barnes*, and oral argument by *John Barnes*. They argued, *inter alia*, that an action for money had and received will lie to recover money paid under a mistake of fact. *Dickins v. Jones*, 6 Yerg. 483, 27 Am. Dec. 488; *Garland v. Salem Bank*, 9 Mass. 408; *Waite v. Leggett*, 8 Cow. 195, 18 Am. Dec. 441 and note; *Mowatt v. Wright*, 1 Wend. 355; *Feemster v. Markham*, 2 J. J. Marsh. 303; *Eagle Bank v. Smith*, 13 Am. Dec. 41, note; *Lane v. Pere Marquette Boom Co.* 62 Mich. 63; *Hurd v. Hall*, 12 id. 125; *Lawton v. Howe,* 14 id. 261; *Johnson v. Parker*, 34 id. 601; *Buffalo v. O'Malley*, 61 id. 255. Where one party has money which in equity and good conscience belongs to another, an action at law for money had and received will lie to recover it. *Ela v. Am. M. U. Exp. Co.* 29 Wis. 611; *Wells v. Am. Exp. Co.* 49 id. 224.

LYON, J. I. There seems no reason to doubt that the plaintiff paid the defendant $1,450 for the interest of the latter in the partnership property and business, in the erroneous belief that the firm indebtedness was only $6,600. The complaint alleges, and the testimony tends to prove, that when the attention of defendant was called to the fact that there was a mistake in the computation of the firm liabilities which, when corrected, would reduce the value of his interest in the firm property $500, he promised to repay the plaintiff that sum. If the plaintiff made the purchase on the faith of the accuracy of the computation, although the mistake was not a mutual one, we cannot doubt it is a good consideration for such promise by the defendant, and a sufficient basis for an action for money had and received. This will appear by reference to any elementary treatise on the subject of equitable and moral considerations. In such case, the written agreement of the parties in which plaintiff covenanted to pay $1,450 for defendant's interest in the firm property is no impediment to showing by parol testimony the moral consideration for such promise. Had the court submitted to the jury the question whether the defendant promised to repay the $500 on being informed of the error in the computation, and had the jury found specially that such promise was made, we think the plaintiff would be entitled to judgment therefor. But the question was not submitted to the jury, and there was no finding on the subject. Indeed, during the trial the court stated that a recovery on such promise was not sought by plaintiff, but that proof of it was admitted as bearing on the question of mutual mistake. These remarks of the court were not challenged by plaintiff; hence the judgment cannot be upheld on the ground that the defendant promised to repay the $500 to the plaintiff, and it seems very clear that the plaintiff cannot maintain this action for money had and received on any other ground. Probably

he might have maintained it had the agreement been re-
duced to writing, and were the mistake a mutual one.    But
we have here no such case.

II. The alleged mistake in the written agreement is not
that the instrument does not express the terms of the con-
tract just as the parties directed it to be written, but that
there was a mistake in one subject matter of the contract,
to wit, the amount of the firm liabilities, but for which
mistake no contract would have been made, or, if made, its
terms would have been different.    Hence, conceding the
mistake to have been mutual, it is not perceived how an ac-
tion to reform the instrument can be maintained.

If a promise by defendant to repay the $500 cannot be
proved, we strongly incline to the opinion that, whether
the mistake was or was not mutual, the only remedy of
plaintiff was promptly to rescind the contract, or institute
appropriate proceedings to that end.    If the mistake was
not mutual,— that is, if the plaintiff entered into the con-
tract on the basis of actual indebtedness of the firm, and the
defendant entered into it without any reference thereto,—
the minds of the parties did not meet as respects that impor-
tant element in their contract.    This also is a valid ground
for the cancellation of the contract in equity.    2 Pom. Eq.
Jur. § 870, and cases cited; 1 Story, Eq. Jur. § 144.

The rule on the subject is thus stated by Mr. Pomeroy:
" Cancellation is appropriate when there is an apparently
valid written agreement or transaction embodied in writ-
ing, while in fact, by reason of a mistake of both or one of
the parties, either no agreement at all has really been made,
since the minds of both parties have failed to meet upon
the same matters, or else the agreement or transaction is
different, with respect to its subject matter or terms, from
that which was intended.    Reformation is appropriate when
an agreement has been made, or a transaction has been
entered into or determined upon, as intended by all the

parties interested, but in reducing such agreement or transaction to writing, either through the mistake common to both parties, or through the mistake of the plaintiff accompanied by the fraudulent knowledge or procurement of the defendant, the written instrument fails to express the real agreement or transaction." Pages 343, 344.

But probably it is now too late for the plaintiff to avail himself of the right to a cancellation of the agreement.

III. The court submitted to the jury the question of fraud, and instructed them that if they should find there was fraud on the part of defendant the plaintiff would be entitled to recover. This was error, for the reason that there was no testimony given on the trial tending to show any fraud on the part of defendant. Were there no other cause for reversal, this instruction alone would be fatal to the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.