Meinecke vs. Sweet.

MEINECKE, Respondent, vs. SWEET, Appellant.

*February 3 — February 27, 1900.*

*Partnership: Contract: Mutual mistake: Compromise of suit: Rescission.*

The parties were partners. The firm was insolvent and plaintiff was indebted to it. Pending an action by defendant for dissolution and the appointment of a receiver, the parties made an agreement by which defendant was to pay plaintiff $175 for his interest in the property and good will of the business and to assume and pay all existing indebtedness of the firm, no particular amount being specified. By mistake both parties supposed the indebtedness to be about $500 greater than it really was, but it appeared that the assets of the firm were considerably less than its debts and that defendant offered to pay the $175 as a compromise of his action, in order to save the expense of a receivership and the sacrifice of the good will. *Held*, that defendant was not bound to pay plaintiff one half of the $500, the amount in mistake, but plaintiff's only remedy was a rescission of the agreement.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The parties to this action were partners as fruit and produce commission merchants in the city of Milwaukee. The business was not profitable, and the firm became insolvent. In January, 1897, the defendant brought an action to dissolve the partnership and to appoint a receiver. While such action was pending, the parties entered into a written contract, wherein the plaintiff sold his interest in the property

and good will of the business to defendant for $175, and the latter agreed to pay all existing indebtedness of the firm, no particular amount being specified. Some months afterwards the plaintiff brought this action, .claiming that in arriving at the basis of the said agreement a detailed statement of assets and liabilities prepared by the defendant had been used, which was supposed to be correct, but by some mistake it showed that a note of $491.25 had been included twice in the list of liabilities, and that the firm's debts which defendant was to pay were that much less than they had supposed; that but for this overestimate in the liabilities he would not have sold out for the price mentioned; that his interest in the good will and property of the firm was of the value of $666, instead of the amount he received; and that the defendant ought justly to pay him one half of the amount of such note.

The defendant answered, setting up the insolvency of the firm and of both its members, and that he believed that, if the business went into the hands of a receiver, the expenses would greatly exhaust the firm's assets and destroy its good will, so he offered plaintiff, as a compromise, $175 for his interest, to buy his peace, without regard to the amount of the liabilities.

Upon the trial it was shown that the statement of liabilities prepared by the bookkeeper, by mistake, included two notes of the amount mentioned, when it should have included but one. This statement showed liabilities, $4,121.65, and resources, $2,727.07; excess of liabilities, $1,394.58. Excluding the note, the liabilities would have exceeded assets but $903.33. The plaintiff testified that he relied on the statement mentioned, and would not have sold for the amount he did had he known the mistake. The defendant gave testimony tending to support his answer. Both parties moved for a direction of a verdict. The court directed a verdict for the plaintiff for one half of the amount of the note and

interest, and judgment was entered accordingly. Defendant appeals.

For the appellant there was a brief by *Elliott & Hickox*, attorneys, and *Charles T. Hickox*, of counsel, and oral argument by *Mr. Hickox*.

*E. J. Patterson*, for the respondent.

BARDEEN, J.   There is no reason to doubt that both parties were mistaken as to the amount of the firm's liabilities at the time they made the contract of dissolution. The firm had been doing an unprofitable busines. The liabilities exceeded the available assets about $900, so that, independent of the good will of the business, neither partner would have had anything coming to him upon a final settlement. The proof showed that plaintiff was not only holden for the debts of the firm, but was also indebted to it in the sum of $130. A suit had been commenced by the defendant to dissolve the partnership and for the appointment of a receiver. The good will of the business was likely to be sacrificed, and the assets lessened by the expenses of the receivership. With this prospect before them, the partners got together and made a written agreement. By its terms, plaintiff conveyed to defendant all his interest in the property and good will of the business for $175. The defendant agreed to assume and pay all the indebtedness of the firm, and to pay plaintiff said sum of $175. So far as the proof shows, this agreement has been carried out to the letter. But it is said that, in arriving at this agreement, both parties labored under the mistake that the liabilities of the firm were about $500 more than they really were, and hence the law implies an obligation on the part of defendant to pay plaintiff one half of that amount. It was upon this assumption that the court directed a verdict for plaintiff. It is not claimed that the written agreement does not express the exact terms of their contract, but it is said there was a mistake in one subject matter of

the contract, but for which no contract would have been made, or, if made, the terms would have been different. The plaintiff claims, and the court decided, that, had the true facts been known as to the liabilities of the firm, defendant would have paid the plaintiff for his interest in the firm a further sum equivalent to one half of the amount in mistake. No such conclusion is proper, under the proof. The parties were in litigation. The assets of the firm were considerably less than their debts. The good will of the business was an unknown quantity. Independent of this uncertain item of assets, plaintiff had no valuable interest left. The expenses of the threatened receivership would have reduced their assets and increased their personal obligations. Plaintiff testified that the $175 paid him by defendant was for his share of the good will of the business. The only testimony on the subject is that the good will of the firm was worth from two to three hundred dollars. In view of their condition, defendant offered to pay the amount stated and assume the debts, as a compromise of the pending lawsuit, or, as he expresses it, "to buy his peace." It being conceded that, had the mistake been known, the contract mentioned would not have been made, in view of the facts stated, how can it be said that the parties would have made the contract assumed by the court? The facts clearly show that defendant's offer was purely a matter of compromise, and not the result of a mutual mistake in figures. Hence a direction of a verdict for plaintiff was clearly wrong, because it makes a contract for the parties which they did not make for themselves. Their minds did not meet upon this element of the contract, and we know of no rule of law that will permit the court to supply the hiatus. As stated in *De Voin v. De Voin*, 76 Wis. 66, a somewhat similar case, the only remedy of the plaintiff was to promptly rescind the contract and institute proper proceedings to that end. Especially is this true in cases where it appears that the result reached is a matter

of compromise, and not a result based upon errors in computation.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.