LEE STATE BANK *v.* McELHENY.

1. REFORMATION OF INSTRUMENTS—MORTGAGES—PROOF OF EXISTING INDEBTEDNESS NOT NECESSARY.
   In a suit to reform a mortgage it is not necessary for plaintiff to prove any existing indebtedness, but said question will come later if foreclosure is asked.

2. MORTGAGES—PRE-EXISTING DEBT SUFFICIENT CONSIDERATION.
   A pre-existing debt is sufficient consideration for a mortgage between the parties thereto.

3. REFORMATION OF INSTRUMENTS—MORTGAGES.
   Reformation relates back to the date of the mortgage.

4. SAME—EVIDENCE—CLEAR PROOF REQUIRED BEFORE REFORMING INSTRUMENT.
   Since courts do not make contracts for parties, clear and

satisfactory evidence of a mutual mistake is required
before reforming a written instrument.

5. SAME — PAROL AGREEMENT MERGED IN WRITTEN ONE UNLESS
MUTUAL MISTAKE OCCURS.

Although back of nearly every written instrument lies a
parol agreement, merged therein, the writing controls un-
less a 'court of equity, on invocation of its power, finds
the writing does not express what the minds of the parties
met on, intended, and supposed they had expressed, but
which miscarried by mutual mistake.

6. SAME—MUTUAL MISTAKE—FRAUD—EVIDENCE—SUFFICIENCY.

That there was either a mutual mistake in the making
of the mortgage in question, or a mistake by plaintiff ac-
companied by fraud on the part of defendant, either of
which gives the right to have reformation, *held*, clearly.
established by the evidence.

7. SAME—HUSBAND AND WIFE—INTENT OF WIFE NOT MATERIAL IN
ABSENCE OF CLAIM THAT SHE OWNED THE PROPERTY.

Where the wife joined with her husband in the making
of the mortgage, which was intended to cover all the
property owned by him, an objection that there is no
evidence that she ever intended to include in the mortgage
the parcel of land sought by plaintiff to be included, *held*,
without merit, in view of the fact that no claim, supported
by evidence, was made that said parcel was owned by
her.

8. SAME—WIFE JOINING WITH HUSBAND—CONSIDERATION—VOLUN-
TARY CONVEYANCES.

A wife may join with her husband in executing a mort-
gage upon his real estate and upon real estate held by
them by the entireties to secure his indebtedness, and
such consideration saves the instrument from falling with-
in the rule against reforming a voluntary conveyance.

9. SAME—GOOD FAITH.

Where the mortgage was given by defendants in response
to plaintiff bank's demand for security for the husband's
indebtedness to it, defendants are in no position to urge
that the mortgage was not taken in good faith because
the property mortgaged was in danger of being attached
by other creditors.

Appeal from Cass; Des Voignes (L. Burget), J. Submitted April 11, 1924.     (Docket No. 65.)   Decided June 2, 1924.

Bill by the Lee State Bank against Clarence J. McElheny and another for the reformation of a mortgage.     From a decree for plaintiff, defendants appeal. Affirmed.

*Coy W. Hendryx,* for plaintiff.

*David Anderson,* for defendants.

Wiest, J.     This is a suit to reform a mortgage. Defendant Clarence J. McElheny owed plaintiff bank .$25,400, evidenced by his notes, collaterally secured by drain orders of questioned validity.     Some of his creditors threatened suit by attachment and the bank asked to be secured by mortgage.     April 26, 1921, defendants, "Ila McElheny, individually, Clarence J. McElheny, individually, and Clarence J. McElheny and Ila McElheny, husband and wife," executed and delivered to plaintiff bank a mortgage for $25,400, covering several descriptions of real estate, one being:

"A strip of land nineteen (19) feet in width and ninety-nine (99) feet in length off of the northeast side of lot one hundred seventy-five (175) in the original plat of the village (now city) of Dowagiac, Michigan."

This property was not owned by either defendant, having been conveyed away by deed December 30, 1920.     At the time of giving the mortgage there existed an unrecorded deed to defendant Clarence J. McElheny of the following described property, also other unrecorded deeds, later mentioned, placing the title in defendants as tenants by the entireties:

"Nineteen (19) feet wide on Front street off of the southwesterly side of lot number one hundred seventy-three (173)   running back .to the alley ninety-nine

(99) feet in the original plat of the village, (now city), of Dowagiac, Michigan."

Plaintiff asks to have the 19 feet of lot 173 included in the mortgage in place and stead of the 19 feet of lot 175, claiming there was a mutual mistake in preparing the mortgage in that the 19 feet of lot 173 was intended to be included in the mortgage. In the circuit decree was entered reforming the mortgage, making it inclusive of the 19 feet of lot 173. Defendants appealed.

It is clearly established that Clarence J. McElheny, in the agreement to give the mortgage, specifically mentioned the 19 feet of lot 173 and called attention to the fact that it lay next to the Elks' Temple, and carried a party wall right.

The attorney representing Mr. McElheny and who prepared the mortgage testified:

"That Mr. McElheny would put in all of his property of every kind, but Mrs. McElheny would put in none of hers, because it was not subject to attachment by creditors, and therefore was in no danger from any one else jumping on to it;"

that Mr. McElheny produced deeds from which he described the premises in the mortgage;

"That all properties owned by Mr. McElheny, regardless of whether it stood in his name or his name and his wife's name together, should be included in this mortgage; and that all property owned by Mrs. McElheny, whether it stood in her name alone or jointly, should not be included in this mortgage."

To give this sense requires the thought that even in case of a holding by the entireties there was, as between defendants, a consideration of individual ownership. No proof, however, was so made.

The 19 feet of lot 173 was deeded to Clarence J. McElheny April 24, 1920, but the deed was not recorded until February 28, 1922, at which time there was also recorded a deed of the same property from

Clarence J. McElheny and Ila McElheny to Ritner L. Van Antwerp, dated November 27, 1920, and a deed from Ritner L. Van Antwerp to Clarence J. and Ila McElheny, "husband and wife, as tenants by the entirety," dated February 28, 1921. The deeds just mentioned were not recorded until after the filing of the bill herein. After the mortgage was recorded the mistake therein was discovered and Mr. McElheny was requested to make correction and consented to do so and brought to the bank the then unrecorded deed to him of the property dated April 24, 1920. No correction being made this bill was filed, and the only defense offered was in behalf of Ila McElheny. Neither defendant gave testimony.

It is claimed:

"There is no evidence in the record of any indebtedness existing in favor of the bank at the time this bill was filed, or at the time of the trial of the case."

We are asked:

"If this court were asked to foreclose a mortgage, would it do so without any proof of an existing debt? Will this court reform a mortgage without any proof of an existing debt?"

We answer, in foreclosure the amount due must be determined and opportunity to pay afforded; this is not foreclosure but reformation of a mortgage, and the question of what, if anything, is due will come later if foreclosure is asked. This point was not raised in the court below, according to the record, and if it had been it would have constituted an affirmative defense. There is no merit in the point. It is also claimed:

"The mortgage was given without any legal consideration whatsoever and was a voluntary conveyance."

A pre-existing debt is sufficient consideration for a mortgage between the parties thereto. The in-

debtedness at the time of the giving of the mortgage does not appear to have been questioned and no issue raised as to payments, if any, made on the mortgage up to the time of hearing. The consideration supports the mortgage and entitles the mortgagee to maintain an action to correct a mutual mistake in the same. See *Citizens Nat. Bank of Attica* v. *Judy*, 146 Ind. 322 (43 N. E. 259).

Reformation relates back to the date of the mortgage. Courts do not make contracts for parties, and this truism has given rise to the cautionary rule requiring clear and satisfactory evidence of a mutual mistake before reforming a written instrument. Back of nearly every written instrument lies a parol agreement, merged therein, but the writing controls unless a court of equity, on invocation of its power, finds the writing does not express what the minds of the parties met on, and intended, and supposed they had expressed, but which miscarried by mutual mistake. Was the fact of a mutual mistake clearly and satisfactorily established by the evidence? There was either a mutual mistake, or a mistake by the bank, accompanied by fraud on the part of Mr. McElheny, and either one gives right to have reformation as to Mr. McElheny. But it is insisted:

"There is no evidence in the record that defendant Ila McElheny ever intended to include this parcel of land in this mortgage. So far as she is concerned, there is no evidence of any mutuality of any claimed mistake."

It is clear the defendants intended to mortgage all property owned by Mr. McElheny "individually" or "jointly with his wife." By unrecorded deed the title to the 19 feet of lot 173 had been placed by Mr. McElheny in himself and his wife as tenants by the entireties. No claim, supported by evidence, was made that the 19 feet of lot 173 was really owned by Mrs. McElheny individually. A wife may join

with her husband in executing a mortgage upon his real estate and upon real estate held by both as husband and wife by the entireties. *People's Building & Loan Ass'n* v. *Billing*, 104 Mich. 186; *Ehle* v. *Looker*, 182 Mich. 248. And this she may do to secure his indebtedness, and such consideration saves the instrument from falling within the rule against reforming a voluntary conveyance.

We are fully convinced that all parties to the mortgage understood the security was to cover the 19 feet of lot 173, and not the 19 feet of lot 175; for certainly the defendants did not intend to give a mortgage upon property they knew they did not own. Defendants are in no position to urge that the mortgage was not taken in good faith. The bank wanted security and defendants gave the mortgage, and we are not inclined to say that a fraud was perpetrated instead of a mutual mistake committed.

The decree entered in the circuit is affirmed, with costs against defendants.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.