SMITH KELLOGG, RESPONDENT, *v.* JOHN M. ADAMS ET AL., APPELLANTS.

*Mortgage— Validity— Usurious Agreement.*

Where Plaintiff takes an assignment of a bond and mortgage given for four thousand dollars, and on which three thousand dollars had been advanced by the mortgagee, and pays for the same, to the mortgagee, said sum of three thousand dollars, and by a usurious agreement agrees to advance the remaining one thousand dollars—*Held*, that the usurious agreement did not extend to the three thousand paid to the original mortgagee for the mortgage, and that the assignee could maintain his action to foreclose said mortgage to the extent of the three thousand dollars.

THIS was an action to foreclose a mortgage given by the Defendant Adams to one Lampson, June 1st, 1857, for $4,000, payable in six months.

The mortgage was in fact given only to secure future advances to be made, and liabilities to be incurred by Lampson, which never exceeded $3,000.

They amounted to that sum on the 29th day of June, 1858, at which time Lampson declined to make any further advances, and was about to enforce his mortgage for those already made.

On this emergency Adams, who wanted further accommodation, applied to the Plaintiff for aid, and it was arranged between them that the Plaintiff should obtain an assignment of the mortgage from Lampson for the nominal consideration of $4,000, paying him the $3,000 due him, and should advance the remaining $1,000 to Adams, and should forbear payment of the whole $4,000 for five years—interest to be paid semi-annually ; and this was to be done on the condition, then imposed by the Plaintiff, and agreed to by Adams, that Adams should purchase from the Plaintiff a piece of real estate in the village of Le Roy, known as the Howe property, worth $1,000, for the price of $2,000, which sum, with the addition of $50 bonus for procuring the money paid to Lampson, was to be secured by Adams's bond, with surety, and

mortgage on the Howe property; all this was done as agreed. The Plaintiff paid Lampson $3,000, and took an assignment of the mortgage in suit, in the name of one Prouty, whose relation to the transaction was merely nominal, and advanced $1,000 to Adams, while Adams took the deed of the Howe property and gave the Plaintiff his bond and mortgage, with surety, for $2,000.

The Judge at the Special Term found that the agreement between the Plaintiff and Adams was usurious, but that the mortgage in suit being a valid security in the hands of Lampson for $3,000, the Plaintiff, by his purchase thereof from Lampson, acquired a valid title thereto, and the Plaintiff had the usual judgment of foreclosure and sale for the $3,000 and interest.

The judgment was affirmed at the General Term, and the Defendant Adams, the mortgagor, and other Defendants, judgment-creditors, appeal to this Court.

*George F. Comstock* for Appellants.
*J. H. Martindale* for Respondent.

DWIGHT, J.—The agreement and transaction between the Plaintiff and Adams being usurious, the question is, did it invalidate the title of the Plaintiff to the mortgage assigned to him by Lampson? I answer, no. That mortgage was valid at its inception for such sums as Lampson should advance to Adams upon it. On the 14th day of August, 1858, it was valid in Lampson's hands for $3,000 actually advanced, and on that day it was assigned by Lampson to the Plaintiff for the amount then actually due. What circumstance has intervened to invalidate this security in the Plaintiff's hands?

On the part of the Defendants it is answered, that the usurious loan of the additional $1,000 to Adams is part of an entire transaction, with the assignment by Lampson to the Plaintiff, and that its vice vitiates the whole; and counsel truly say, " usury, like fraud, taints every portion of the contract into which it enters, and the law makes no distinction between parts of an entire contract."

But these familiar rules fail of application to the case in hand, because here the usury did not enter into the contract of assign-

ment; nor were the usurious loan and the assignment of the mortgage parts of an entire contract.

They were not separable, merely; they were absolutely separate and distinct; they were between different parties—the contract for the usurious loan between the Plaintiff and Adams, and that for the assignment of the mortgage between Lampson and the Plaintiff; and the answer to the question propounded by counsel for the Defendants, as the true inquiry in the case, viz. : "Whether Lampson assigned the mortgage to the Plaintiff upon an unlawful agreement between the Plaintiff and Adams," must be fatal to their position. For, certainly, he did not assign his mortgage upon any agreement between other parties, but upon an agreement of his own making with the Plaintiff.

He was asking for his money on the mortgage, and, we may suppose, was ready to assign it to anybody who would pay him what was due. The usurious contract with Adams was doubtless the inducement for the Plaintiff to take the assignment, but it did not induce the assignment by Lampson, who, so far as appears, was not only uninfluenced by it, but ignorant that such contract existed.

I am wholly unable, on principle, to see how the Plaintiff's title to the mortgage can be affected by the unlawful contract with Adams, and the authorities cited on the part of the Defendants do not sustain their position. Two cases especially relied upon are Schroeppel *v.* Corning (5 Denio, 236), and Johnson *v.* Bush (3 Barb. Ch. 207). In the former of these it was held that the assignment and delivery of certain bonds and mortgages, from the borrower to the lender, as part of the consideration of a usurious loan, conveyed no title to the assignee, and that his possession of the property was tortious from the beginning. So, in Johnson *v.* Bush, the assignment of the bond and mortgage was from a corporation to one of its stockholders, in consideration of a surrender by the stockholder to the corporation of a portion of the capital stock for cancellation—an act expressly prohibited by statute. In both of these cases the contract of assignment was between the same parties as the usurious or illegal contract, and was distinctly a

part of that contract, and by this essential characteristic both are distinguished from the case now under consideration.

In the cases of Dewitt v. Brisbane (16 N. Y. 508), and Talmage v. Pell (3 Seld. 328), also relied upon, the assignments were merely collateral to an illegal contract, and were void for that reason. In this case, had the Plaintiff taken the assignment of Lampson's mortgage as collateral to the usurious contract,—had the Plaintiff loaned the whole $4,000 to Adams, and the latter had paid Lampson his $3,000, and procured him to assign his mortgage to the Plaintiff as collateral to Adams's undertaking to repay the usurious loan,—it is clear that the assignment must have been void, within the principle of the two cases last mentioned. But such was not the contract here. The assignment to the Plaintiff was absolute, and for a consideration unconnected with the usurious loan.

I am therefore clearly of opinion that the assignment from Lampson to the Plaintiff was not affected by the vice of the usurious contract, and that the Plaintiff's title to the mortgage is valid for the amount for which it was valid in Lampson's hands, viz., the $3,000 and interest.

The attempt to make it cover the additional $1,000 fails, for two reasons : first, because it was in fraud of the holders of subsequent liens ; and second, because the loan of the $1,000 was usurious.

The judgment of the General and Special Terms should be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.