NATHANIEL J. WYETH, RESPONDENT, *v.* THOMAS BRANIF AND ELIZA GARRETT, APPELLANTS.

*Purchase of decree of foreclosure — usury.*

A decree of foreclosure and sale having been rendered against plaintiff, he agreed to give defendant Branif's father ten per cent. for a loan sufficient to stop the sale. Defendant's father took an assignment of the decree to such defendant, who was then in Mexico. Plaintiff paid defendant's father $235 for the ten per cent. and expenses.

In an action to set aside the decree and a sale thereunder for usury, *held,* that the transaction was not a loan to plaintiff, but a purchase by the defendant of the decree.

That, even if it were a loan, the fact that defendant's agent took a bonus of ten per cent. would not affect the defendant.

That even if defendant made the loan and took the ten per cent., his title to the decree would not be affected thereby.

APPEAL from a judgment setting aside an assignment of a bond and mortgage and of a decree of foreclosure entered thereon, and a sale made thereunder and a deed of a referee made in pursuance thereof, on the ground that they were assigned as collateral security to a usurious loan.

The assignment was procured, by the father of the defendant Branif, from the owner to the defendant, who was then absent, in consideration of plaintiff paying him ten per cent. under the agreement embraced in the following memorandum:

" Bond, $2,000.

| | | |
|---|---|---:|
| Order, | - - - - - | $10 |
| Referee and printer, | - - | 380 |
| | | $390 |

Interest on $2,000 from last payment.

Take title to suit N. J. Wyeth, and give new bond and mortgage for purchase money, $2,000, with bondsman; and pay up the above expenses, and back interest and insurance.

Oct. 3, 1876."

The money paid belonged to the defendant, and had been left with his father for investment.

*Theodore C. Vermilye,* for the appellants.

*George I. Greenfield,* for the respondent.

BARNARD, P. J.:

The evidence does not sustain the finding upon which the judgment was given by the court below.

The plaintiff owned a house and lot in the county of Richmond, upon which he had executed a mortgage for $2,000 to one David

Moore. An action had been commenced to foreclose this mortgage, which had passed into a decree. To prevent a sale, the plaintiff agreed to give Thomas Branif, the father of defendant Branif, ten per cent. for a loan of the amount necessary to stop the sale. Branif, Sr., paid the amount of the judgment, and took an assignment from the executors of David Moore, and plaintiff paid him, Branif, Sr., $235, being for this ten per cent. and expenses.

The assignment was taken to defendant, who was then absent in Mexico. The plaintiff never saw the defendant in regard to the transaction. Branif, Sr., is dead.

Upon this state of facts, the court found a corrupt usurious agreement upon the part of the defendant, and set aside the assignment, also a sale made under the judgment, also the referee's deed, and granted a perpetual injunction, restraining defendant Branif from ever enforcing the judgment which he had bought. This transaction was clearly not a loan to plaintiff, but a purchase by defendant Branif of a decree in foreclosure. Assuming the transaction to have been a loan to plaintiff, an agreement with his agent to pay him ten per cent. to procure the loan, does not bring the usurious agreement home to defendant. (*Condit* v. *Baldwin* 21 N. Y., 219.)

If the defendant himself had agreed to buy the mortgage and judgment for ten per cent., and to extend the time of payment, his title to the mortgage would have been complete. (*Kellogg* v. *Adams*, 39 N. Y., 28.)

Judgment should be reversed and new trial granted, costs to abide event.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.