THE BOWERY SAVINGS BANK, Respondent, *v.* JANET W. NIRENSTEIN et al., Appellants, Impleaded with Others.

(Argued October 16, 1935; decided December 3, 1935.)

*Harris Jay Griston* and *George C. Baron* for appellants. An issue of usury exists as a matter of law, as well as fact. Plaintiff's application does not dispute that the issue of usury does exist, but limits itself to asking the court to fix the amount of the usury. (*Standard Acc. Ins. Co.* v. *Marks,* 233 App. Div. 466; *Newburger* v. *Lubell,* 241 App. Div. 250; *Oppikofer* v. *Murphy,* 146 App. Div. 581.) As the transaction by which plaintiff's assignor acquired its rights under the bond and mortgage was usurious, it was absolutely " void " and by section 373 of the General Business Law (Cons. Laws, ch. 20) that usury is a complete defense to the plaintiff's attempt to enforce the bond and mortgage. (*Veazy* v. *Allen,* 173 N. Y. 359; *London* v. *Toney,* 263 N. Y. 439; *Ganz* v. *Lancaster,* 169 N. Y. 357; *DeWitt* v. *Brisbane,* 16 N. Y. 508; *Wyeth* v. *Braniff,* 84 N. Y. 627; *Talmadge* v. *Pell,* 7 N. Y. 328; *Johnson* v. *Bush,* 3 Barb. Ch. 207; *Malmud* v. *Blackman,* 232 App. Div. 765; *Kneher* v. *Greengrass,* 232 App. Div. 761.) In stating that an usurious transaction is void, section 373 means that the transaction is " absolutely void " and not merely voidable. (*Sabine* v. *Paine,* 223 N. Y. 401; *Claflin* v. *Boorum,* 122 N. Y. 385.) The " penalties " as to which relief is given by sections 376 and 382 of the General Business Law do not include the defense of usury. (*Curtiss* v. *Teller,* 157 App. Div. 804; 217 N. Y. 649.) Section 382 of the General Business Law does not apply, because the action is not brought merely to recover the usurious excess by the borrower or by the overseer of the poor, nor is it an action involving brokerage on loans. (*People* v. *Young,* 153 App. Div. 567; 207 N. Y. 522; *Curtiss* v. *Teller,* 157 App. Div. 804; 217 N. Y. 649.)

*Harry Schneider, George M. Jaffin* and *Sydney Bernheim* for respondent. No usury exists or is involved as a matter of law and fact in the transaction giving rise to the execu-

tion of the extension agreement. (*Brown* v. *Robinson*, 224 N. Y. 301; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Morton* v. *Thurber*, 85 N. Y. 550; *Jefferson Title & Mortgage Corp.* v. *Dempsey*, 153 Misc. Rep. 32; 242 App. Div. 626; *Eldridge* v. *Reade*, 32 N. Y. Super. Ct. 155; *Seamen's Bank* v. *McCollough*, 166 App. Div. 271; 221 N. Y. 692; *Thurston* v. *Cornell*, 38 N. Y. 281; *Harger* v. *McCullough*, 2 Den. 119; *Bennett* v. *Ginsburg*, 141 App. Div. 66; *London Realty Co.* v. *Riordan*, 207 N. Y. 264; *Guggenheimer* v. *Geiszler*, 81 N. Y. 293; *Houghton* v. *Burden*, 228 U. S. 161; *Matter of Mesibovsky*, 200 Fed. Rep. 562.) Assuming that usury existed at the time of the execution of the extension agreement, such usury cannot affect the validity of the original bond and mortgage and is no defense against the plaintiff, the assignee of said bond and mortgage, subsequent to the execution of said extension agreement, without notice of such alleged usurious payment. (*Rice* v. *Willing*, 5 Wend. 595; *Froese* v. *Prosnitz*, 12 N. Y. Supp. 88; *Winsted Bank* v. *Webb*, 46 Barb. 177; *Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248; *Church* v. *Maloy*, 70 N. Y. 63; *Ganz* v. *Lancaster*, 169 N. Y. 357; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51; *Gutman* v. *Schreiber*, 173 App. Div. 670; *Lesley* v. *Johnson*, 41 Barb. 359; *Union Bank of Brooklyn* v. *Schneider*, 147 App. Div. 1; *Silverstein* v. *Taubenkimmel*, 209 App. Div. 710; *Sherling* v. *Gallatin Improvement Co.*, 237 App. Div. 535; *London* v. *Toney*, 263 N. Y. 439; *Kellogg* v. *Adams*, 39 N. Y. 28; *Patterson* v. *Birdsall*, 64 N. Y. 294.) Sections 376 and 382 of the General Business Law permit plaintiff to avoid the defense of usury. (*People* v. *Young*, 207 N. Y. 522; *Matter of Baker*, 77 Misc. Rep. 90; *Jefferson Title & Mortgage Corp.* v. *Dempsey*, 153 Misc. Rep. 32; 242 App. Div. 626; 266 N. Y. 190; *Smith* v. *Marvin*, 27 N. Y. 137; *Weyh* v. *Boylan*, 85 N. Y. 394.) Sections 376 and 382 of the General Business Law do not require plaintiff to tender back the bond and mortgage in order to obtain relief. (*People* v. *Young*, 207 N. Y. 522.)

FINCH, J. This is an action to foreclose a purchase-money mortgage given by the defendants upon the purchase of a dwelling house. The mortgage was originally for $20,000 but was reduced by payment on account of principal to $12,000. Subsequently, by means of a transaction the nature of which is not clear from the record, the mortgage was transferred to the plaintiff's assignor, the Equitable Mortgage and Title Guaranty Company, and the amount increased to $14,000, apparently by a loan of $2,000 additional. At the same time an extension of the principal sum for three years was arranged. The answer sets up the defense of usury and alleges that at the time of the increase of the mortgage from $12,000 to $14,000 and the extension of the time of payment there was retained a sum of approximately $500 for expenses and disbursements, which constituted usury. The defense of usury seems to be based largely upon a charge of $420, being three per cent of the total sum involved, which was retained allegedly for expenses which the defendants maintain cannot be substantiated.

A motion made by the plaintiff for summary judgment was denied. Thereafter, the plaintiff, without waiting for a trial, moved upon affidavits petitioning the court to fix summarily an amount sufficient to cover the alleged usurious excess, if any, and grant judgment for the plaintiff. To reach this result, it relied upon section 376 of the General Business Law (Cons. Laws, ch. 20), which reads as follows: " Every person who shall repay or return the money, goods or other thing so taken, accepted or received, or the value thereof, shall be acquitted and discharged from any other or further forfeiture, penalty or punishment, which he may have incurred, by taking or receiving the money, goods or other thing so repaid, or returned, as aforesaid."

An order was entered granting the motion, the court fixing the amount at $210 (which was exactly one-half of the amount paid), and providing that upon deposit

of said sum judgment of foreclosure and sale should follow. The deposit was satisfactorily arranged by giving the sum to plaintiff's attorney to hold in escrow, and plaintiff had judgment. An appeal was taken to the Appellate Division, where it was affirmed by a divided court.

The question of procedure will presumably not arise again and as it becomes immaterial because of our decision on the construction to be given to section 376 of the General Business Law, we pass at once to the latter.

Assuming that after a proper trial of the issue as raised by the answer it is found that usurious payments were made, may the plaintiff then, by the mere deposit of the usurious excess, relieve itself of further consequences for its wrong in a civil action? The question is no longer open in this court. In *Curtiss* v. *Teller* (157 App. Div. 804) former Presiding Justice KRUSE, of the Appellate Division, fourth department, after ably reviewing the historical development of the statutory law upon this subject, reached the conclusion that the above quoted section 376 could not be construed so as to exempt the usurer from any further consequences by the mere deposit of the amount found to be usurious. This court unanimously affirmed (217 N. Y. 649). Section 373 of the General Business Law provides:

" All. bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void.

" Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in

violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

The " statute is peremptory and unequivocal in enacting that an usurious obligation is absolutely void." (*Sabine* v. *Paine*, 223 N. Y. 401, 405.) Section 376 was never intended and cannot be construed to emasculate section 373. In so far as usury permeates the transaction, the restitution must be complete. (*Kellogg* v. *Adams*, 39 N. Y. 28.) It is true that if a lender makes so complete a restitution there would seem little or nothing left from which he could be acquitted or discharged. This section, however, must be read in the light of the fact that at one time there existed a penalty of treble damages for usury (1 Colonial Laws, p. 909, ch. 328; 2 id. p. 980, ch. 660) which has since been repealed. In deciding the case at bar we reaffirm that this section 376 was not intended to furnish a simple means of eviscerating the usury laws.

Section 382 of the General Business Law, also relied upon by the plaintiff, does not apply, since it is apparent that the section is limited in its application to the provisions of sections 380 and 381 concerning brokerage charges. In any event, what has just been said regarding section 376 applies with equal if not greater force to section 382.

Upon this appeal the sufficiency of the attempted defense of usury is not challenged. A decision as to the rights of the plaintiff must await the trial and will depend upon the evidence there presented. We cannot now consider the effect of usury, if such there were, in the transaction between the plaintiff's assignor and the defendant Nirenstein. As to the rights of the plaintiff under an assignment of a valid mortgage by its holder for a valid consideration compare *Kellogg* v. *Adams* (39 N. Y. 28); *Real Estate Trust Co.* v. *Keech* (69 N. Y. 248); *Ganz* v. *Lancaster* (169 N. Y. 357); *Church* v. *Maloy* (70 N. Y. 63).

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, and LOUGHRAN, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.