DAVID LAMONT, Respondent, *v.* FREDDIE HANDY and Another, Defendants, Impleaded with HOWARD MCFEE, Appellant.

Third Department, April 28, 1937.

*James A. McTiernan*, for the appellant.

*Almond Cramer*, for the respondent.

HILL, P. J. Defendant appeals from a judgment of foreclosure. The defense is that usury was exacted in a written contract extending the time of payment. The mortgage was executed January 21, 1902, interest at five and one-half per cent with the principal due in ten years. Interest at five and one-half per cent was paid until January 21, 1925. At that time there was $1,352 of principal unpaid. In the previous December the usurious agreement was made by which seven per cent interest was exacted and the due date extended. Thereafter interest was computed and paid at a usurious rate. The trial court decided the case upon the theory presented by the plaintiff; that interest should be computed at six per cent rather than at the lower rate fixed in the mortgage after the mortgage became due on January 21, 1912 (*Pryor* v. *City of Buffalo*, 197 N. Y. 123), disregarded the evidence as to the usurious extension agreement and applied the excessive interest charges after 1925 to the claimed unpaid interest which had accrued after 1912. This was error under the proven facts. Interest at the rate of five and one-half per cent had been paid and accepted in full during all the years from 1912 to 1925. The owner of the mortgage during this period has died. Her husband and agent, a witness for the plaintiff, stated as to the agreement made in 1924, " Why, as I said, it had been running along for a long time. He was keeping up the interest and she said she would have to have the money and he said if she would let it run that he would be willing to pay seven per cent. He says he would pay seven per cent. So they drawed up a contract and he signed it that if she would let it run that he would pay seven per cent." The acceptance of the interest computed at five and one-half per cent for twelve years indicates a

practical understanding and agreement as to the rate after the maturity of the mortgage.

Indorsements made by the plaintiff and his assignor show $786.46 paid on " interest " after January 21, 1925. Receipts were received in evidence indicating that two fifty-dollar payments in addition were made, one September 2, 1930, the other September 29, 1930. Through an erroneous ruling defendant was prevented from proving that these receipts were in the handwriting of the owner of the mortgage.

Appellant asks that the entire amount paid after 1924 be credited upon the principal, citing as authority *Bowery Savings Bank* v. *Nirenstein* (269 N. Y. 259), and particularly the statement in the opinion, " In so far as usury permeates the transaction, the restitution must be complete. (*Kellogg* v. *Adams*, 39 N. Y. 28.) " (p. 264). Appellant argues that usury " permeated " the interest payments after 1924. With this I am unable to agree. Interest payments to the extent of five and one-half per cent per annum were made under the non-usurious mortgage of 1902. Usury tainted only the additional one and one-half per cent. In *Ganz* v. *Lancaster* (169 N. Y. 357) it was only the usurious portion of the interest which was returned. In *Kellogg* v. *Adams* (*supra*) it was determined that the original mortgage was untainted although the extension agreement was void for usury. In *Matter of Consalus* (95 N. Y. 340) a borrower was required to pay the amount of the original non-usurious loan with legal interest, although it had been combined in a note with later loans that were tainted with usury. The rationale of all the authorities is that a usurious extension agreement is void but its invalidity does not taint the original lawful obligation. (*London* v. *Toney*, 263 N. Y. 439; *Church* v. *Maloy*, 70 id. 63.) I do not construe the *Nirenstein Case* (*supra*) to be at variance. Applied to the facts in this case, the original mortgage, with interest payable at five and one-half per cent, is a valid obligation. The amount of money paid in excess of five and one-half per cent interest should be credited on principal.

It is not possible to grant judgment on this appeal because of uncertainty as to the amount of the payments.

The judgment should be reversed on the law and facts, with costs of this appeal to the appellant, and a new trial granted.

The court reverses findings of fact numbered 11, 12, 13.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, with costs of this appeal to the appellant, and new trial granted.

The court reverses findings of fact numbered 11, 12 and 13.