SIDNEY GELB, Respondent, *v.* ANTHONY MAZZEO et al., Appellants, et al., Defendant.

Third Department, December 19, 1957.

*Benjamin Cooper* for appellants.
*Harold W. Katz* for respondent.

FOSTER, P. J. Plaintiff in this action has obtained an order for summary judgment, under rule 113 of the Rules of Civil Practice, in an action for the foreclosure of a real estate mortgage. The individual defendants have appealed from that order.

The complaint in the action is in the form commonly adopted for the foreclosure of real estate mortgages. The individual defendants interposed an answer which contains some general denials, but insofar as such denials are concerned it does not appear from the record that any substantial triable issues of fact were raised. As an affirmative defense the defendants pleaded usury by alleging, among other things, that the plaintiff exacted the sum of $180 over and above the legal rate of interest for the loan secured by the mortgage.

Prior to the commencement of the present action the defendants brought an action to cancel and discharge the mortgage in question on the ground of usury. That action was referred to an Official Referee for trial. During the course of the trial before the Official Referee a tender of the alleged usurious premium, with interest thereon, was made and accepted by the plaintiffs in that action, who are the defendants here. The Official Referee held that under section 376 of the General Business Law the acceptance of the alleged usurious payment, plus interest, barred any further penalty against the defendant, who is the plaintiff in this action. Findings of fact and conclusions of law were made, and a judgment of dismissal directed accordingly. No appeal was taken from that judgment. Some time later the plaintiffs in that action made a motion before the Official Referee to have the judgment vacated as being contrary to the law and the facts. He denied the motion, and thereafter an appeal was taken from his order to this court which affirmed the same on the ground that the motion had not been timely made (*Mazzeo* v. *Gelb*, 1 A D 2d 916).

The decisive issue here is whether the judgment of the Official Referee in the first action is *res judicata*. The Official Referee was misled by the langugage of section 376 of the General Business Law into granting a judgment of dismissal on the ground that the usurious interest had been repaid. The language of the statute taken at its face would seem to indicate such a result but there are authoritative decisions to the contrary (*Bowery Sav. Bank* v. *Nirenstein*, 269 N. Y. 259; *Jefferson Title & Mtge. Corp.* v. *Dempsey*, 266 N. Y. 190; *Curtiss* v. *Teller*, 157 App. Div. 804, affd. 217 N. Y. 649). On the basis of these decisions the judgment of dismissal in the first cause of action was clearly erroneous. Despite this the doctrine of *res judicata* applies. The subject matter of the first cause of action and the affirmative

defense pleaded in this cause of action are precisely the same, and the parties are also the same.

The estoppel of a former final judgment extends to all matters litigated or considered (*Pray* v. *Hegeman,* 98 N. Y. 351; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Statter* v. *Statter,* 2 N Y 2d 668). The principle is applicable although the judgment may be erroneous either on the law or the facts (Restatement, Judgments, § 1, comment b; § 45, comment f). This principle may result in hardship in the individual case but such hardship is outweighed by the public policy that a matter finally determined in a proceeding in which the court had jurisdiction of the parties and the subject matter should not again be litigated. Some suggestion is made that the doctrine of collateral estoppel may be invoked to sustain the appellants' contention on this appeal. No convincing authority has been cited to sustain this contention and we can find none.

The order should be affirmed, with $10 costs.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Order affirmed, with $10 costs.