**SOUTHWESTERN INVESTMENT COM-PANY, Petitioner,**

v.

**HOCKLEY COUNTY SEED AND DELINT-ING, INC., et al., Respondents.**

**No. B–4810.**

Supreme Court of Texas.

Nov. 20, 1974.

Rehearing Denied Dec. 18, 1974.

Clayton & Stubblefield, Cleo G. Clayton and Wesley G. Clayton, Amarillo, for petitioner.

Walters & Associates, Reid A. Rector, Lubbock, for respondents.

PER CURIAM.

The court of civil appeals has held that the lender is subject to statutory penalties for usury under Article 5073,

Vernon's Ann.Tex.Civ.Stat., in a situation where the loan contract was usurious on its face and interest in excess of the legal limits was actually paid thereunder. 511 S.W.2d 724. The lender, upon being faced with an action for usury, reduced the final payment to a sum that resulted in bringing the amount of interest paid over the entire term of the loan within permissible limits. We are in agreement with the holding of the court of civil appeals, for to hold otherwise would allow the lender to circumvent the usury statutes. This is not to say that a contract cannot be purged of usury by a compromise and settlement whereby the old obligation is abandoned and a new and valid one given instead. *See* Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531 (1940).

In the course of its opinion, the court of civil appeals held that a loan contract is regarded as usurious if during the first year, or first few years, it requires the payment of interest at greater than the legal rate, even though the interest calculated over the entire period of the loan does not exceed the statutory limit. The effect of such a holding is to label as usurious any loan in which the stated interest rate plus any discount, fees, points, or other front-end charges that are judicially determined to be interest exceed the lawful rate for the first year even though spreading the front-end charges over the term of the loan results in an overall interest rate below the legal limit. No question as to the spreading of front-end charges over the life of a loan is presented by the facts in this case, and our action on the application for writ of error is not to be interpreted as an expression of opinion on that question.

The application for writ of error is accordingly refused, no reversible error.