Cumby E. FREEMAN et al., Appellants,

v.

Rudolph HERNANDEZ and Vicki
Hernandez, Appellees.

No. 18549.

Court of Civil Appeals of Texas,
Dallas.

March 13, 1975.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

R. Jack Ayres, Jr., Kelsoe & Paternostro, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Vicki Hernandez sued C. E. Freeman and C. C. Freeman, seeking to recover the balance due on a promissory note. The Freemans answered and also filed a cross-action in which they asserted that the promissory note required the payment of usurious interest contrary to Vernon's Tex.Rev.Civ.Stat.Ann. art. 5069–1.02 (Vernon 1971) and was, therefore, void. They sought judgment for the penalties and attorney fees provided by Tex.Rev.Civ.Stat. Ann. art. 5069–1.06 (Vernon 1971). The trial court, sitting without a jury, rendered judgment for Vicki Hernandez in the sum of $3,500. The judgment denied the Freemans recovery on their cross-action. We reverse that judgment.

A brief summary of the evidence is deemed essential. Vicki and Rudolph Hernandez were divorced in April 1969. As a part of the property settlement, Vicki received a note for $12,000 secured by a mortgage on the Dallasite Club and Dunes Club which had been owned by the parties. Subsequently, the agreement was amended to increase Vicki's interest to the sum of $15,000. Rudolph arranged to sell the Dallasite Club to C. E. Freeman for $25,000. Fifteen thousand dollars of this amount was to be paid to Vicki. In August 1970, Vicki received an initial payment of $5,000. On March 3, 1971, Vicki received the remaining $10,000 from C. E. Freeman and signed a release of her interest in the club. C. E. Freeman had requested Vicki to make him a loan in the sum of $6,000. At the time Vicki cashed the $10,000 check, she delivered to C. E. Freeman a cashier's check for $6,000. In return, she received a note, dated March 3, 1971, signed by both C. E. Freeman and his father, C. C. Freeman, in which they each agreed to pay Vicki Hernandez three installments on definite dates, in the amount of $2,500 each. Thereafter Vicki was paid $2,500 on the note, but no payments were made thereafter.

Vicki Hernandez sued to recover the balance of $5,000 on the note, or in the alternative to recover $3,500, the balance of the principal of the loan after crediting the $2,500 payment. In response to the counterclaim for usury, Vicki alleged: (1) that she had no knowledge of any interest being charged on the note; (2) that the Freemans pleaded with her and pressured her into "signing the note" which they prepared; (3) that the Freemans fraudulently misrepresented to her that the loan was valid and were accordingly estopped from asserting their usury claim; (4) that in the alternative, the note was a mutual mistake, as none of the parties had knowledge of the usury statutes, and, therefore, the same should be reformed.

When the case came on for trial before the court, without a jury, the parties entered into an agreement authorizing the trial court to consider the depositions of Cumby E. Freeman, Vicki Hernandez and Rudolph Hernandez, which had been taken in connection with not only this litigation but another suit involving damages for breach of a lease agreement. The parties stipulated the note in question and the one payment of $2,500. It was stipulated that the sum of $1,500 would be reasonable at-

torney fees to be allowed Vicki Hernandez in the event she recovered from the Freemans, and in the event the Freemans recovered from Vicki on their cross-action they would likewise be entitled to a reasonable attorney fee of $1,500. It was expressly stated in the stipulation that the cause should not be submitted to the court as an agreed case under Texas Rules of Civil Procedure, rule 263 and that the parties did not agree to the correctness of the facts, but merely agreed as to the manner of presentation of testimony and the evidence which the trial court could accept or request as in any other nonjury trial. No other testimony was offered other than this agreement and the depositions. The court rendered judgment for $3,500 in favor of Vicki and against the Freemans. No findings of fact or conclusions of law were requested or filed.

In three points of error, appellants contend that since the undisputed evidence demonstrates that Vicki Hernandez loaned the Freemans $6,000 on March 3, 1971, and took a note for $7,500 payable in three semi-annual installments payable in $2,500 each, for which the maximum legal interest at ten percent would be $525, such interest provided for in the note was more than double the minimum legal rate and was therefore void. Thus appellants urge that the trial court erred in rendering judgment for Vicki Hernandez for $3,500 and in not rendering judgment for the Freemans for the legal penalty and attorney fees as allowed by law.

■■■■ In a case such as this, where there are no findings of fact or conclusions of law, we are required to affirm the judgment of the trial court if the same can be sustained on any reasonable theory supported by the evidence and authorized by law. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.1962). Accordingly, we have examined the record in an effort to determine if the trial court's decree can be supported upon any of the theories advanced by the pleadings. From this study of the

record, we find no evidence, or insufficient evidence, to support Vicki Hernandez's unsworn pleadings: (1) that she had no knowledge of any interest being charged; (2) that the Freemans pressured her into making the loan; or (3) that the Freemans are guilty of fraud. This lack of evidence can probably be attributed to restriction of the evidence to the depositions which did not fully develop the facts.

■■■■ Appellee strongly urges us to affirm the trial court's judgment on the theory of reformation. As stated above, appellee, in answer to the usury charge, pled, in the alternative, that the note and the agreement between the parties constitutes a mutual mistake and that such contract and agreement should be reformed to provide for payment of the principal amount of $6,000, less the amount previously paid.

In support of this theory of recovery, appellee relies upon Continental Savings and Building Ass'n v. Wood, 33 S.W.2d 770, 775 (Tex.Civ.App.—Eastland 1930), affirmed, 56 S.W.2d 641 (Tex.Comm'n App.1933, jdgmt adopted), for the proposition that where usurious rates were induced by mutual or unilateral mistake, a recovery for usury is unauthorized so that the contract may be reformed by the trial court. The court in *Wood* held that payment of $135 paid as commission must be excluded in determining if the payments made were in excess of the principal plus ten percent interest allowed by law. The Court of Civil Appeals said, in part: "There certainly was no contract under which appellant was entitled to receive this additional sum of $135. If it were paid, the payment thereof was induced either by mutual mistake or fraud, in either of which events no cause of action for usury could be predicated thereupon." The Commission of Appeals, in affirming the Court of Civil Appeals, noted that no one in *Wood* agreed to pay more than a legal rate of interest for the use or forbearance or detention of money. It is obvious that *Wood* is inapposite to the case before us

because here, the note covered the additional sum. The note on its face is in excess of that allowed by Tex.Rev.Civ.Stat. Ann. art. 5069 § 1.02 (Vernon 1971). Moreover, neither in *Wood* nor in any other case do we find support for the position that the "mistake" of not having knowledge of the usury laws prevents the application of those laws, and allows reformation of the note by the trial court. In the case before us, there was no error in the calculation of interest which resulted in the usurious note. There is no evidence that either of the parties were misled or were ignorant of the terms of the note. If the judgment in this case is based upon a reformation of the note on appellee's theory of mistake, we cannot affirm the judgment. Southwest Investment Co. v. Hockley County Seed & Delinting, Inc., 511 S. W.2d 724, 734 (Tex.Civ.App.—Amarillo), affirmed, 516 S.W.2d 136 (Tex.1974).

■ Appellee, before this court, urges that there was other consideration for the additional $1,500. This theory is not supported by the pleadings and appellee admits in her brief "[t]he record does not reflect what the other $1,500 consideration was for." Thus, we cannot affirm the trial court on this theory of the law.

■ It is well established that when the Court of Civil Appeals reverses the judgment of the trial court for lack of evidence in support thereof, it will not render judgment unless the case has been fully developed. When the facts do not appear to have been fully developed, the judgment of the Court of Civil Appeals should be to remand and not to render judgment. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, 459 (1948); Marr v. Craddock, 406 S.W.2d 278, 280 (Tex.Civ.App.—Tyler 1966, no writ). Under *Jackson*, this same policy is applied when the case has been tried on the wrong theory, as well as not being fully developed. It is obvious to this court that while we cannot affirm the judgment of the trial court, we cannot reverse and

render judgment because the case has not been fully and completely developed and obviously was presented to the trial court on the wrong theory. Accordingly, we reverse and remand the judgment to allow the case to be properly developed and judgment rendered on a proper theory of the law, pursuant to Tex.R.Civ.P. 434.

Reversed and remanded.