OPINION OF THE COURT
Lester E. Gerard, J.
Motion is granted.
This motion by defendant Georgina Berlin seeks summary judgment pursuant to CPLR 3212 dismissing the complaint and declaring the subject mortgage void for usury.
The plaintiffs commenced an action wherein they sought a judgment reforming a certain contract by changing the interest rate from 18%% to 16% per annum, the latter figure representing the legal permissible rate of interest at the time of the execution of the subject bond and mortgage. Defendant Berlin counterclaimed in her answer for a judgment declaring the mortgage null and void based upon the statutory prohibition against usurious interest rates.
The plaintiffs and defendants executed an agreement on April 22, 1982, whereby the plaintiffs lent to the defendants the sum of $11,000 and took back a mortgage note providing for repayment over a period of three years in *1031 monthly installments of $400.45, which included interest at the rate of 18¥2% per annum. The note was secured with a mortgage on property owned by defendant Berlin located at 25 McCue Lane, Babylon, New York. Defendant Berlin made 12 payments on the note until she was advised that the loan was usurious since the interest rate (18y2%) exceeded the legal rate of 16% per annum. On July 29, 1983, the plaintiffs, upon learning that the loan was usurious attempted to repay defendant Berlin her share of the interest in excess of the legal rate and to reform the mortgage so that it reflected an interest of 16% rather than the original 18Vfe%. Defendant Berlin, however, rejected the tender and returned the moneys and informed the plaintiffs that she would make no further payment and would assert all available defenses including usury to the plaintiffs’ claim. The plaintiffs thereafter brought this action to reform the mortgage.
The plaintiffs contend in both the complaint and in their affidavit in opposition that it was never their intention to charge a usurious rate of interest. They claimed that the parties to the agreement executed the bond and mortgage, which reflected an interest rate of 18Vfc% believing that the rate of interest was the legally permitted rate of interest in the State of New York for mortgages on the date of execution. They argued that this mutual mistake by parties acting in good faith should substantiate the relief of reformation sought in the complaint so as to reflect the true understanding of the parties.
It is undisputed that the rate of interest charged in the bond and mortgage originally executed by the parties on April 22, 1982, is usurious. Subdivision 2 of section 5-511 of the General Obligations Law provides in part that “whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled.” Plaintiffs’ intention not to violate the usury statutes does not substantiate the reformation of the note based upon equitable *1032 considerations. An individual needs only a general intent to charge more than the legal rate. “There is no requirement of a specific intent to violate the usury statute. A general intent to charge more than the legal rate as evidenced by the note, is all that is needed. If the lender intends to take and receive a rate in excess of the legal percentage at the time the note is made, the statute condemns the act and mandates its cancellation (Feidler v Darrin, 50 NY 437). The showing, as here, that the note reserves to the lender an illegal rate of interest satisfies respondents’ burden of proving a usurious loan” (Matter of Dane, 55 AD2d 224, 226; Angelo v Brenner, 90 AD2d 131; Hammond v Marrano, 88 AD2d 758).
Faced with the prospect of cancellation of the mortgage indebtedness even though plaintiffs made a good-faith mistake in ascertaining the proper maximum legal rate of interest in New York State at the time of the execution of the note, one might think they could invoke the equitable relief set forth in section 5-519 of the General Obligations Law which states that “[e]very person who shall repay or return the money, goods or other things so taken, accepted or received, or the value thereof, shall be discharged from any other or further forfeiture or penalty which he may have incurred under sections 5-511 or 5-513, by taking or receiving the money, goods or other thing so repaid, or returned, as aforesaid.” The language of the statute taken on its face would seem to indicate that it would apply to the circumstances of this case even though defendant Berlin rejected the plaintiffs’ tender of the excess moneys. However, there are authoritative decisions to the contrary. (See Bowery Sav. Bank v Nirenstein, 269 NY 259; Matter of Dane, supra.) The Third Department ruled in Gelb v Mazzeo (5 AD2d 10), that the acceptance of the excess interest did not authorize the dismissal of a cause of action for cancellation of the mortgage on the ground that the usurious interest had been repaid.
It is apparent from an analyzation of the above cases, that the courts have totally undermined the equitable relief available under section 5-519 of the General Obligations Law and reinforced the strict statutory penalties imposed pursuant to section 5-511 of the General Obliga *1033 tions Law. As pointed out in Matter of Dane (supra), and cited with approval by the Second Department in DeSimon v Ogden Assoc. (88 AD2d 472, 481) “ ‘[u]sury is commonly an unconscionable defense, but it is a legal one; and, if proved, courts must sustain it’ (Merills v Law, 9 Cow 65, 66) because ‘equitable considerations cannot be indulged when, as here, a statute, specifically condemns an act’ ”. In this case, the plaintiffs may have equity on their side, but it has no power to thwart the strict legal consequences of the statutory penalties set forth under the usury laws.
Therefore, the court will grant the defendant Berlin’s motion dismissing the complaint and granting judgment to her under the counterclaim declaring the mortgage null and void and directing the registrar to note that the mortgage is discharged of record. However, the court will not award the defendant costs and disbursements.