OLSEN v PORTER

Docket No. 149988. Submitted February 7, 1995, at Grand Rapids. Decided August 22, 1995, at 9:15 A.M.

Mitchell R. and Grace D. Olsen brought an action in the Muskegon Circuit Court against Craig A. Porter, seeking reformation of a land contract by which the plaintiffs sold realty to the defendant at an interest rate exceeding the maximum allowed by MCL 438.31c(6); MSA 19.15(1c)(6). The defendant counterclaimed that, under MCL 438.32; MSA 19.15(2), all interest already paid should be applied toward reducing the outstanding principal. The court, Ronald H. Pannucci, J., granted summary disposition for the plaintiffs, reforming the contract to provide prospectively for an eleven percent interest rate, the statutory maximum, and to provide for a nine percent interest rate for the prior period between execution of the land contract and the inception of eleven percent interest. The court also dismissed the defendant's counterclaim for the imposition of a penalty on the plaintiffs pursuant to MCL 438.32; MSA 19.15(2) and denied the plaintiffs' motion for costs pursuant to MCR 2.114(E),(F), 2.625(A)(2), and MCL 600.2591; MSA 27A.2591. The plaintiffs appealed and the defendant cross appealed.

The Court of Appeals *held:*

1. A court may not reform a usurious land contract where, as here, the interest rate exceeds that which is allowed by statute because the parties, at the time they executed the land contract, were mutually mistaken about the statutory maximum interest rate.

2. A buyer under a land contract may claim the benefit of the penalty imposed by MCL 438.32; MSA 19.15(2) on a seller only where the seller brings an action for the enforcement of a usurious land contract. Inasmuch as the plaintiffs brought an action for reformation, not enforcement, of the parties' land

REFERENCES

Am Jur 2d, Interest and Usury § 307; Reformation of Instruments § 17.
See ALR Index under Reformation of Instruments; Sale and Transfer of Property; Usury.

contract, the defendant cannot invoke MCL 438.32; MSA 19.15(2)

3. The trial court did not err in denying the plaintiffs' motion for costs and attorney fees.

Affirmed in part and reversed in part.

1. REFORMATION OF INSTRUMENTS — USURIOUS LAND CONTRACTS — MUTUAL MISTAKE.

A court may not reform a usurious land contract where the parties, being mutually mistaken about the statutory maximum interest at the time they executed the land contract, agreed to an illegal interest rate (MCL 438.31c[6]; MSA 19.15[1c][6]).

2. VENDOR AND PURCHASER — USURIOUS LAND CONTRACTS — FORFEITURE OF INTEREST PAID.

A buyer under a usurious land contract may seek the statutory penalty under which interest already paid is applied toward reducing the outstanding principal only where the seller brings an action for enforcement of the land contract (MCL 438.32; MSA 19.15[2]).

*Smith, Haughey, Rice & Roegge* (by *John D. Vander Ploeg*), for the plaintiffs.

*Libner, Van Leuven, Kortering, Evans & Portenga, P.C.* (by *Vernon D. Kortering*), for the defendant.

Before: MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ.

MURPHY, P.J. Plaintiffs and defendant both appeal as of right a judgment ordering reformation of a usurious land contract. Plaintiffs also appeal an order denying their motion for costs and attorney fees. We affirm in part and reverse in part.

On September 12, 1983, plaintiffs and defendant entered into a land contract under which plaintiffs agreed to sell a house and certain real property to defendant for $15,000, to be paid at the rate of $165.16 a month for twenty years. The contract was drafted by an attorney retained by plaintiffs

and provided for an interest rate of twelve percent per annum. In 1990, defendant learned that MCL 438.31c(6); MSA 19.15(1c)(6) provided for a maximum interest rate of eleven percent per annum and that the twelve percent interest rate in the land contract was therefore usurious. Defendant began making his land contract payments in escrow.

On March 14, 1991, plaintiffs filed a complaint seeking reformation of the land contract to reflect an annual interest rate of eleven percent, the maximum interest rate permitted under MCL 438.31c(6); MSA 19.15(1c)(6). Defendant's answer included a counterclaim for a declaratory judgment in which he sought to apply all the interest he had paid on the usurious contract to the outstanding principal debt on the land contract pursuant to MCL 438.32; MSA 19.15(2).

Plaintiffs moved for summary disposition of their claim for reformation of the contract pursuant to MCR 2.116(C)(10) and for summary disposition of defendant's counterclaim pursuant to MCR 2.116(C)(8). The trial court held a hearing on October 14, 1991, and entered an order on December 19, 1991, granting plaintiffs' motion for summary disposition of their reformation claim and dismissing defendant's counterclaim. In the order, the trial court reformed the contract to provide for an interest rate of eleven percent prospectively from October 14, 1991, but reserved the issue regarding the interest rate to be applied to the land contract from the date of the execution of the contract, September 12, 1983, to October 14, 1991, as well as the issue whether a penalty should be imposed on plaintiffs pursuant to MCL 438.32; MSA 19.15(2). The trial court held a second hearing on November 15, 1991, and entered a judgment on December 19, 1991, ordering the interest rate on the contract

to be nine percent from September 12, 1983, to October 14, 1991. The trial court did not penalize plaintiffs pursuant to MCL 438.32; MSA 19.15(2). The trial court denied plaintiffs' postjudgment motion for costs and attorney fees pursuant to MCR 2.114(E), (F), 2.625(A)(2), and MCL 600.2591; MSA 27A.2591.

The first issue presented before this Court is whether it is proper for a trial court to order reformation of a land contract that charges a usurious rate of interest when the parties to the contract were mutually mistaken about the maximum interest rate allowable under MCL 438.31c(6); MSA 19.15(1c)(6). This is an issue of first impression in Michigan. We conclude that it is improper for a trial court to order reformation of a usurious contract when there was a mutual mistake about the maximum permissible interest rate.

This Court reviews de novo the trial court's decision to grant or deny equitable relief. *Webb v Smith (After Remand),* 204 Mich App 564, 568; 516 NW2d 124 (1994). In considering whether the trial court properly ordered reformation under the circumstances, we are mindful that courts are required to proceed with the utmost caution in exercising jurisdiction to reform written instruments. *Theophelis v Lansing General Hosp,* 430 Mich 473, 492; 424 NW2d 478 (1988).

Plaintiffs and defendant entered into a land contract while mutually mistaken about the maximum rate of interest that could legally be charged. The parties mistakenly believed that the maximum permissible interest rate was twelve percent when the maximum interest rate was in fact only eleven percent. MCL 438.31c(6); MSA 19.15(1c)(6). The parties' mistake regarding the maximum interest rate permitted by statute was a mutual

mistake of law. Courts will reform an instrument to reflect the parties' actual intent where there is clear evidence that both parties reached an agreement, but as the result of mutual mistake, or mistake on one side and fraud on the other, the instrument does not express the true intent of the parties. *Ross v Damm,* 271 Mich 474, 480-481; 260 NW 750 (1935). Neither plaintiffs nor defendant contends that the land contract did not express their true intent. This Court will not reform a contract if the instrument is drawn as intended, and there is no dispute that the parties intended the land contract to have an interest rate of twelve percent. Moreover, reformation will generally not be granted for a mistake of law. *Schmalzriedt v Titsworth,* 305 Mich 109, 119; 9 NW2d 24 (1943); *Emery v Clark,* 303 Mich 461, 471; 6 NW2d 746 (1942). If we permitted lenders to reform contracts with usurious interest rates, an unscrupulous lender would not be deterred from charging a usurious interest rate because if the usurious interest rate was not discovered, the lender could retain the ill-gotten interest, and if the usurious interest rate was discovered, the lender could simply seek reformation of the contract. Accordingly, we hold that it was error for the trial court to reform the usurious contract on the basis of the parties' mutual mistake regarding the maximum legal interest rate.[1]

The second issue presented by this appeal is whether a buyer/borrower can invoke MCL 438.32; MSA 19.15(2) when a seller/lender brings an ac-

---

[1] Our holding is consistent with holdings in other jurisdictions that have considered whether to permit reformation of a usurious contract on the basis of mutual mistake regarding the maximum legal rate of interest. See *Babcock v Berlin,* 123 Misc 2d 1030; 475 NYS2d 212 (1984); *Freeman v Hernandez,* 521 SW2d 108 (Tex Civ App, 1975). See also *Hart v Piper Industries, Inc,* 1994 Tenn App LEXIS 257 (May 10, 1994).

tion for reformation of a usurious contract. This is also an issue of first impression in Michigan. We conclude that a buyer/borrower cannot invoke MCL 438.32; MSA 19.15(2) when a seller/lender brings an action to reform a usurious contract.

MCL 438.32; MSA 19.15(2) provides:

> Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns.

MCL 438.32; MSA 19.15(2) requires that all prior interest paid under a usurious contract be applied to the extinguishment of any outstanding principal debt. *Leon v Zlatkin,* 265 Mich 225, 229; 251 NW 377 (1933); *Osinski v Yowell,* 135 Mich App 279, 287; 354 NW2d 318 (1984). However, a buyer/borrower can claim the benefit of MCL 438.32; MSA 19.15(2) only when a seller/lender brings an action for enforcement of a usurious contract. *Waldorf v Zinberg,* 106 Mich App 159, 164; 307 NW2d 749 (1981). See also *McKenna v Wilson,* 280 Mich 227, 232; 273 NW 457 (1937). A buyer/borrower cannot maintain an independent suit under MCL 438.32; MSA 19.15(2) to recover interest paid on a usurious contract. *Waldorf, supra,* 164.

The focus of the statute is to "penaliz[e] the lender who attempts to enforce a usurious contract." *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206, 215; 223 NW2d 725 (1974). However, in this case, plaintiffs brought an action for reformation, not enforcement, of the usurious contract. "Enforce" is

defined in Black's Law Dictionary (5th ed) as "to make effective; as, to enforce . . . the collection of a debt or fine; to compel obedience to." By seeking to reform the interest rate of the contract, plaintiffs were neither attempting to make effective the usurious interest rate nor attempting to compel defendant to abide by the terms of the usurious contract. To the contrary, by seeking reformation of the contract, plaintiffs sought to eliminate the usurious interest rate rather than force defendant to comply with the contract as written. Therefore, we conclude that plaintiffs' action for reformation was not an action for enforcement. Because plaintiffs did not bring an action to enforce the contract, the trial court properly did not penalize plaintiffs pursuant to MCL 438.32; MSA 19.15(2).[2]

We find no error in the trial court's denial of plaintiffs' motion for costs and attorney fees pursuant to MCR 2.114(E), (F), 2.625(A)(2), and MCL 600.2591; MSA 27A.2591.

In light of our holding, we find it unnecessary to address the remaining issues raised on appeal.

Affirmed in part and reversed in part.

---

[2] Presumably, if plaintiffs are required to bring an action to enforce payment under the land contract, defendant would be free to raise the issue regarding the applicability of the penalty provision of MCL 438.32; MSA 19.15(2).